UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA PAULETTE ADDISON,

      Plaintiff,

v.                               Case No: 6:16-cv-1339-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

## ORDER[1]

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant the Commissioner of the Social Security Administration denying her claims for a period of disability, disability insurance benefits, and supplemental security income under the Act. Upon a review of the record, and after due consideration, the Commissioner's final decision is **AFFIRMED**.

### Background[2]

Plaintiff filed for benefits on August 3, 2012, alleging an onset date of May 26, 2012 (Tr. 20). She claimed disability due to spinal stenosis, depression, tendonitis, numbness on lips, face, arms and legs, severe pain, and muscle spasm (Tr. 263). When she made her applications, Plaintiff was a "younger individual age 45-49" (Tr. 27). On October 16, 2014, her age category changed to an individual closely approaching

---

[1] Both parties consented to the exercise of jurisdiction by a magistrate judge and the matter has been referred in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 73.

[2] The information in this section is taken from the parties' joint memorandum (Doc. 19).

advanced age (Tr. 27). She has a high school education, almost two years of college (Tr. 40, 386) and a past work history as a hearing aid inspector, printing inspector, and label inspector (Tr. 62).

Plaintiff's applications were denied initially and on reconsideration, and she requested and received a hearing before an administrative law judge ("ALJ") (Tr. 20). In a partially favorable decision dated February 25, 2015, the ALJ found Plaintiff not disabled prior to October 16, 2014 (her 50th birthday), but the ALJ decided that Plaintiff became disabled on her birthday and continued to be disabled through the date of the decision (Tr. 20-29). The Appeals Council denied Plaintiff's request for review on May 20, 2016 (Tr. 1). Consequently, the ALJ's February 25, 2015 decision is the final decision of the Commissioner. Having exhausted the available administrative remedies, Plaintiff filed this action for judicial review (Doc. 1). The matter is fully briefed and ripe for resolution.

### The ALJ's Decision

In determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 22). At step two, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine, depression, anxiety, osteoarthritis of the bilateral knees, and obesity (20 CFR 404.1520(c) and 416.920(c)) (Id.). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 23). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, crouch, crawl, and kneel, but she should avoid exposure to extreme cold, heat, humid, vibration, fumes, odors, dust, gases, and poor ventilation. Additionally, she should avoid working at unprotected heights and near dangerous machinery. The claimant could perform simple repetitive 1-3 step tasks with occasional changes in the work setting and she must elevate her legs to 1 foot, 25% of the workday.

(Tr. 24).

At step four, the ALJ determined that Plaintiff was unable to return to her past relevant work (Tr. 27). Then, considering Plaintiff's age, education, work experience, and RFC and relying on the testimony of a vocational expert, the ALJ concluded that, prior to October 16, 2014, there were jobs that existed in significant numbers in the national economy, including touch up inspector, final assembler, and bonder, that Plaintiff could have performed (Tr. 28). The ALJ also found that, beginning on October 16, 2014, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform (Id.). Therefore, the ALJ held that Plaintiff was not disabled prior to October 16, 2014, but she became disabled on that date and has continued to be disabled through

the date of the decision (Tr. 28). The ALJ further determined that Plaintiff was not under a disability at any time through December 31, 2013, her date last insured (Tr. 29).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff contends that the ALJ erred in: (1) not considering her degenerative lumbar disc and joint disease; (2) failing to consider and evaluate Dr. Lanzas-Fuestes'

opinion that she was limited to lifting two pounds; and (3) formulating a credibility finding for Plaintiff that is not supported by substantial evidence.

*Evaluating all of the impairments*

The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. §§ 404.1523 and 416.923. Remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1219 (11th Cir. 2001). But, a mere diagnosis is not sufficient to establish that an impairment is severe. See Sellers v. Barnhart, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." Id., citing McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

To satisfy the requirements of step two of the sequential evaluation process, the claimant's impairment(s) must be severe for at least twelve consecutive months. See 20 C.F.R. §§ 416.905(a), 416.909, 416.920(a)(4)(ii); Barnhart v. Walton, 535 U.S. 212, 217 (2002). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[3] An impairment or combination of impairments is "not severe" when medical or other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an

---

[3] Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b).

individual's ability to work. 20 C.F.R. §§ 404.1521 and 416.921. The claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on her ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir.1986).

Plaintiff contends that she was diagnosed with lumbar spine degenerative disc and joint disease in 2011, prior to her alleged onset date, and cites to later diagnoses of lumbar sprain and strain as evidence of a "lumbar impairment" (Doc. 19 at 16). As the ALJ did not include a lumbar impairment at step two of the evaluation, Plaintiff claims it was inadequately considered. The Court is not persuaded.

Evidence of a diagnosis, without more, does not establish that an impairment is severe. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Moreover, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987); see also Heatly v. Comm'r of Soc. Sec., 382 Fed. Appx. 823 (11th Cir. 2010). Consistent with the regulations and applicable law, the ALJ credited Plaintiff with other severe impairments at step two and proceeded forward with the sequential evaluation. So, even if Plaintiff's back condition should have been included as severe at step two (a finding the Court need not make), the omission is only reversible error if the ALJ subsequently failed to fully account for functional limitations

arising from it. Plaintiff does not identify any work-related limitation arising from her back

condition that was not considered by the ALJ. In his decision, the ALJ acknowledged

Plaintiff's testimony about her "back condition," stating:

> She testified that her back condition causes pain in her back
> and neck, which she described as bee stings in her neck and
> a burning and pinching sensation in her mid-back. In addition,
> she testified that her musculoskeletal conditions impaired her
> ability to pick up objects. As a result, the claimant estimated
> that she could sit and stand for 15 minutes and could lift up to
> 3 pounds with both hands.

(Tr. 25). However, the ALJ found the medical evidence to contradict this testimony,

noting, in part:

> [T]he claimant's testimony regarding her inability to sit or stand
> beyond 15 minutes contradict[s] her medical exams that
> reveal normal range of motion *of the lumbar spine* and knees,
> and normal neurological function consisting of normal motor
> strength of the upper and lower extremities (Exhibit B8F/7).

(Tr. 25 – emphasis added). This finding is supported by the substantial evidence the ALJ

cites. As Plaintiff has not identified any other functional limitation arising from her back

condition that the ALJ did not evaluate (or account for in his formulation of her RFC), let

alone a limitation lasting for the 12 month requirement, any error in failing to specifically

identify this impairment at step two is harmless.

*Evaluation of Medical Opinion Evidence*

The Eleventh Circuit has held that whenever a physician offers a statement

reflecting judgments about the nature and severity of a claimant's impairments, including

symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her

impairments, and the claimant's physical and mental restrictions, the statement is an

opinion requiring the ALJ to state with particularity the weight given to it and the reasons

therefor. Winschel , 631 F.3d at 1178-79 (citing 20 CRF §§ 404.1527(a)(2) and

416.927(a)(2); <u>Sharfarz v. Bowen</u>, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. <u>See</u> 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. <u>See Lewis v. Callahan,</u> 125 F.3d 1436 (11th Cir. 1997); <u>Edwards v. Sullivan</u>, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. <u>Lewis</u>, 125 F.3d at 1440. Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." <u>Hill v. Barnhart</u>, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); <u>see</u> <u>also</u> <u>Sullivan v. Comm'r. Soc. Sec.</u>, No. 6:12-cv-996-Orl-22, 2013 WL 4774526, at *7 (M.D. Fla. Sept. 4, 2013); <u>Bumgardner v. Comm'r Soc. Sec.</u>, No. 6:12-cv-18-Orl-31, 2013 WL 610343, at *10 (M.D. Fla. Jan. 30, 2013); <u>Bliven v. Comm'r</u> <u>Soc. Sec.</u>, No. 6:13-cv-1150-Orl-18, 2014 WL 4674201, at *3 (M.D. Fla. Sept. 18, 2014); <u>Graves v. Comm'r Soc. Sec.</u>, No. 6:13-cv-522-Orl-22, 2014 WL 2968252, at *3 (M.D. Fla. June 30, 2014).

By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. <u>See</u> 20 C.F.R. § 404.1527(c)(2); <u>Crawford v. Comm'r, of</u> <u>Soc. Sec.</u>, 363 F.3d 1155, 1161 (11th Cir. 2004). Nonetheless, all opinions, including

those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

On October 31, 2012, one-time-examiner, Dr. Ramior Lanzas-Fuentes examined Plaintiff at the request of the agency and noted:

> Shoulder extension, flexion and adduction is normal bilaterally; abduction is 100 degrees left and 150 degrees right. Internal and external shoulder rotation is normal bilaterally. Negative Tinel's sign. Negative Phalen's sign. There is no redness, warmth, swelling or nodules at the elbows or wrists. Elbows and wrists have normal range of motion in all aspects. Examination of the hands reveals no tenderness, redness, warmth, or swelling. There is no atrophy and the claimant is able to make a fist bilaterally. There are no Heberden or Bouchard's nodes. Grip strength measures 6 lbs. per square inch in the right hand and 7 lbs. per square inch in the left hand. The claimant is able to write and pickup coins with either hand without difficulty. Joints of the fingers have normal range of motion in all aspects. The claimant is able to use her hands for lifting up to two pounds of weight. She is able to turn door handles, button buttons and write with her dominant hand.

(Tr. 384-385). Plaintiff contends that the ALJ committed reversible error in failing to evaluate Dr. Lanzas-Fuentes' statement that: "The claimant is able to use her hands for lifting up to two pounds of weight." Plaintiff argues that the ALJ "did not acknowledge or evaluate that statement. In reviewing the various opinions, the ALJ leaves out any reference to Dr. Lanzas-Fuestes' evaluation." (Doc. 19 at 22). Plaintiff's contention is not accurate. The evaluation is identified as Exhibit B6F in the administrative record. The ALJ refers to this exhibit and the October 12th examination twice in his opinion:

> The claimant testified that the severity of her cervical disorder limited her ability to pick up objects and significantly limited her exertional ability to sit, stand, walk, and **lift objects**. The claimant's medical records however, contradicts her statements as they revealed normal cervical range of motion

and full neck range of motion without musculoskeletal tenderness, spasms, or muscle pain in August **and October 2012** and July 2014 (Exhibits B3F/2, **B6F/4** & B8F /1 ). In addition, the claimant's testimony that her **ability to lift objects** is impaired contradicts her shoulder exam that revealed 5/5 shoulder strength and negative stability **and her October 2012 medical exam** that revealed her ability to use her hands to write and pick up coins without difficulty **(Exhibit B6F/5** & B8F/13).

(Tr. 25 - emphasis added).

Although the ALJ did not specifically note the sentence cited by Plaintiff, he plainly considered Dr. Lanzas-Fuentes' evaluation and credited the objective findings as a basis to reject Plaintiff's alleged disabling lifting limitations.[4] To the extent the sentence could be interpreted to support a lifting limitation of two pounds, the context of the quoted passage makes clear that the ALJ implicitly discounted that portion of the opinion of this consultant. As the discounting of this alleged impairment is supported by substantial evidence,[5] the failure to address the sentence explicitly is harmless and reversal is not warranted. See Adams v. Comm'r, Soc. Sec. Admin., 586 F. App'x 531, 534 (11th Cir. 2014) (*per curiam*) ("[T]he ALJ did not err by failing to specifically address Adams's neurologist's opinion that she should avoid frequent overhead reaching, and that she needed to take 5-minute breaks every 45 minutes, as his written decision made clear that he considered both the neurologist's opinion and Adams's medical condition as a whole.") (citation omitted); *compare* Colon v. Colvin, 660 F. App'x 867, 870 (11th Cir. 2016) (*per curiam)* ("We also affirm the ALJ's decision because we are not left pondering why the ALJ made the decision he made.").

---

[4] The Commissioner notes that Dr. Lanzas-Fuentes failed to diagnose a lumbar spine condition, and Plaintiff's report of lumbar/back pain was a subjective complaint on her part (Doc. 19 at 19).

[5] In addition to the medical evidence cited by the ALJ, Plaintiff testified (and the ALJ noted) that she could lift more than two pounds (Tr. 25, 55). Thus, even Plaintiff did not endorse the two-pound limitation.

*Credibility*

Plaintiff claims that the ALJ's decision to reject her testimony concerning her pain is not supported by substantial evidence. A claimant may seek to establish that she has a disability through her own testimony regarding pain or other subjective symptoms. <u>Dyer v. Barnhart,</u> 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." <u>Id.</u> When an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. <u>Jones v. Department of Health and Human Services,</u> 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. <u>Foote,</u> 67 F.3d at 1562.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; but, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible" (Tr. 25). To support his conclusion, the ALJ detailed several examples where the medical evidence was "contrary" to Plaintiff's allegations (Tr. 25, 26). The ALJ also noted Plaintiff's "ability to perform a variety of daily tasks including cooking, laundry, driving, shopping, paying bills, and managing a savings account and checkbook" (Tr. 26).

Plaintiff takes issue with the inferences the ALJ drew from what she characterizes as "vague references" in the medical evidence (Doc. 19 at 27), and points to other

evidence which she argues supports her claim. The medical records cited by the ALJ are not "vague" and, as the Commissioner notes, the examinations of record were considered by the ALJ as a whole, and his finding that the medical evidence does not corroborate the level of disabling impairment Plaintiff alleges is amply supported.

Plaintiff's favorable characterization of inferences which can be drawn from some of the evidence is just an argument that the record could support a different finding. Such is not the standard. "The question is not ... whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r, of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). The ALJ's decision contains sufficient articulated reasons for discrediting Plaintiff's allegations of disabling pain and limitations, and those reasons are supported by the substantial evidence the ALJ cites. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004).

## Conclusion

Now, the Commissioner's final decision in this case is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record